(70 South. 38)

No. 21510.

CITY OF BATON ROUGE v. HUBBS et al.

(Nov. .2, 1915.) ·

*(Syllabus by the Court.)*

CONSTITUTIONAL LAW ☞205—GAMING ☞79 — ORDINANCES — SPECIAL PRIVILEGE OR IMMUNITY.

The "Ordinance No. 3 of 1914, Commission Series," of the city of Baton Rouge, penalizes betting or wagering, "upon anything, in any place where people resort for the purpose of wagering or betting," and declares that a "place or device shall be considered as used for gambling, or to gamble with, or for betting or for wagering, if any fees, or money, or anything of value, is bet therein, or if the same is resorted to for the purpose of gambling or betting," and section 4 of the ordinance further declares:

"That none of the sections of this ordinance shall apply to any person found playing games of dominoes or cards at a private residence, occupied by a family (and used as such only), or to any person found playing games with dominoes or cards in the clubhouse of, and conducted by, any fraternal organization, duly incorporated, * * * providing, that the by-laws of such fraternal organization prohibit gambling for money, within such clubhouse, and that such games be not played for money or anything redeemable in money; provided, further, that this exemption shall not apply to any organization, fraternal or otherwise, organized for the purpose of, or solely engaged in, conducting games of chance for money or any other consideration, and this section shall not apply to any private residence or clubhouse commonly resorted to for the purpose of gambling, and that no banking game, played with cards or dominoes, shall be exempted from the provisions of this ordinance on account of being played at a private residence or club."

*Held*, if section 4 can be interpreted as conferring any exemption whatever, from the prohibition against betting or wagering, it confers such exemption only on persons who are "found playing games of dominoes or cards in "a private residence, occupied by a family (and used as such only)," and that, whether it exempts such persons found gambling at such games, it is unnecessary, for the purposes of this case, to inquire, since the exemption applies to every one, including the defendants, and affords no just ground for their complaint that it confers a "special, or exclusive, right, privilege or immunity" within the meaning of article 48 of the Constitution.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 591–624; Dec. Dig. ☞ 205; Gaming, Cent. Dig. §§ 206–217; Dec. Dig. ☞79.]

Appeal from City Court of Baton Rouge; John F. Odom, Judge.

E. M. Hubbs and others were convicted of violating an ordinance of the City of Baton Rouge, and appeal. Affirmed.

George Kent Favrot and Henry Kinchen Strickland, both of Baton Rouge, for appellants. S. G. Laycock, City Atty., of Baton Rouge (L. D. Beale,· of Baton Rouge, of counsel), for appellee.

MONROE, C. J. Defendants prosecute this appeal from a conviction of, "gambling within the city limits," under an ordinance of the city of Baton Rouge, and they present for the consideration of this court the question (raised in the city court by a motion to quash) whether the ordinance contravenes article 48 of the state Constitution, by granting—

"to certain corporations, associations and individuals special rights, privileges and immunities."

Section 1 of the ordinance imposes upon any person who—

"shall bet or wager at any gambling table, or bank, or pigeon hole, or jenny lind, or shall bet or wager any money or other thing of value at any gambling game, or at any of the following: Poker, poker dice, high dice, low dice, dominoes, euchre with dominoes, poker with dominoes, mugging, crackle, crackerloo, or any game of matching money or coins of any denomination for such coin or other things of value, or seven-up, or five-up, or coon-can, kotch, or any other game of any character, whatever, that can be played with cards, dice or dominoes, or at any table, bank or alley, by whatsoever name, the same may be known, or whether named or not, and without reference as to how the same may be construed [constructed?] or operated, or shall bet or wager upon anything, in any place where people resort for the purpose of wagering or betting."

Section 2 imposes a penalty upon any person who—

"shall rent to another, shall keep or shall be in any manner interested in keeping, any premises, building, room, or place for the purpose of being used as a place to bet, or wager, or to gamble with cards, dice, or dominoes, or keep or exhibit for the purpose [any] bank, table, alley, machine, wheel or device, whatsoever, or as a place where people resort to gamble, bet or wager upon anything whatsoever, or shall permit property or premises of which he is owner, or which is under his control, to be used, * * * and a place or device shall be considered as used for gambling, or to gamble with, or for betting or wagering, if any fees, money, or anything of value is bet therein, or if the same is resorted to for the purpose of gambling or betting."

Section 3 imposes a like penalty upon any person who shall knowingly permit any gambling paraphernalia, or device, or—

"equipment of a gambling house, of any character, to remain in his possession, or on premises under his control, or of which he is the owner, and to be used for gambling purposes, such as described in the foregoing section of this ordinance."

Section 4 reads as follows:

"That none of the sections of this ordinance shall apply to any person found playing games with dominoes or cards at a private residence occupied by a family [and used as such only], or to any person found playing games with dominoes or cards in the clubhouse of, and conducted by, any fraternal organization, duly incorporated, * * * providing, that the by-laws of such fraternal organization prohibit gambling for money within such clubhouse, and that such game or games be not played for money or anything redeemable in money. Provided further, that this exemption shall not apply to any or-

138 La.—3

ganization, fraternal or otherwise, organized for the purpose of, or solely engaged in, conducting games of chance for money or any other consideration, and this section shall not apply to any private residence or clubhouse commonly resorted to for the purpose of gambling, as described in previous sections, and that no banking game, played with cards or dominoes, shall be exempted from the provisions of this ordinance on account of being played at a private residence or club."

It will be observed that it is not the playing of games that is penalized, but the betting or wagering upon them, and that section 4, if it can be interpreted as conferring any exemption whatever in that respect, confers such exemption only on persons who are found playing games of dominoes or cards at "a private residence, occupied by a family (and used as such only)." Whether it exempts such persons, found gambling at such games, it is unnecessary, for the purposes of this case, to inquire, since the exemption applies to every one, including the defendants, and affords no just ground for their complaint that it confers a "special or exclusive right, privilege or immunity," within the meaning of article 48 of the Constitution.

The judgment appealed from is therefore affirmed.